In the Matter of the Application of JOSEPH BRAUNSTEIN, HARRY LEMPERT, LOUIS J. WUNDER and Nineteen (19) Others, Petitioners, for an Order against WILLIAM HODSON, Commissioner, Department of Welfare of the City of New York, and THE CITY OF NEW YORK, Respondents.

Supreme Court, Special Term, New York County, April 6, 1942.

*Albert De Roode,* for the petitioners.

*William C. Chanler, Corporation Counsel [David Du Vivier* of counsel], for the respondents.

PECORA, J.  The twenty-two petitioners are in the civil service, employed as clerks, Grade 3, in the department of welfare of the city of New York, each receiving a salary of $1,920 per annum. They make this application under article 78 of the Civil Practice Act, for an order directing respondents to increase their salaries to $2,040 per annum, and to pay them arrearages representing the differences between those two rates.  Their claim for such increases and arrearages rests upon section B40–6.0 of the Administrative Code of the City of New York, as amended by Local Law No. 61 of the New York City Local Laws of 1940, known as the McCarthy Law, which went into effect on May 21, 1940.  It provides for annual increments for certain civil service employees.

It appears that the petitioners were originally promoted to their present positions from the position of clerk, Grade 2, between December 18, 1939, and January 2, 1940, after the Court of Appeals had affirmed an order of the Special Term in *Matter of Abrams* v. *Kern* (281 N. Y. 787).  That Special Term order was entered on March 29, 1939.  It directed that appointments to the title of clerk, Grade 3, in the department of welfare, be made from eligible lists within four months after the entry of the order.  This order was stayed pending the successive appeals to the Appellate Division and the Court of Appeals, in consequence of which no appointments were made within that four months' period.

The petitioners contend that the first anniversary date for increments under the McCarthy Law was March 29, 1940 — one year after the entry of the Special Term order.  In my opinion this plea is untenable, for I do not think the four months' period began to run until the affirmance of that order by the Court of Appeals on November 14, 1939, by virtue of the aforementioned stay.  All of the petitioners were appointed to their present positions within four months after that affirmance.  Under these circumstances the budget director of the city has properly ruled that the first anniversary date for petitioners' increments, under the McCarthy Law, as amended, is January 1, 1941; and they have been duly allowed increments on that basis.

Petitioners further urge that, having served for more than one year as clerks, Grade 2, prior to their promotion to Grade 3, they are entitled to additional increments.  This contention might have been sound had it not been for the amendment of section B40–6.0 of the Administrative Code by Local Law No. 61, which, as already

observed, became effective on May 21, 1940. As thus amended, that section now provides in paragraph 1 of subdivision a that increments are to be awarded " for each such employee, who * * * has served one year or more in a grade or rank of a position in the graded service of the competitive class * * *." So, too, in paragraph 4 of subdivision a, it now provides that no increment shall be paid to any employee " unless such employee shall have been within the grade or rank of a position for one year or more * * *." The obvious interpretation of this section is that increments are to be given upon completion of one year's service in a grade or position. Petitioners, however, did not begin their services as clerks, Grade 3, until between December 18, 1939, and January 2, 1940. Hence the anniversary date for computing their increments was January 1, 1941, and not July 1, 1940, as contended by petitioners. The petition must, therefore, be dismissed. Settle order.